UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | NO. 1:10-cr-181 |
| ) | |
| v. ) | JUDGE COLLIER/CARTER |
| ) | |
| TIMOTHY DAVIS ) | |

### SENTENCING MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE FROM GUIDELINES AND/OR VARIANCE UNDER 18 U.S.C. SECTIONS 3553

Comes now the Defendant, Timothy Davis, by and through court-appointed counsel, and files this Sentencing Memorandum in support of his Motion for a Downward Departure and/or Variance.

### BACKGROUND

Mr. Davis is a 38 year old male, who has plead guilty to a lesser charge of 21 USC Section 841(a)(1) and 841(b)(1)(B). Mr. Davis is and has been a truck driver for most of his adult life. He is presently employed by Meyers Trucking Company located in Altamont, Tennessee. He has been employed by this company since his arrest in this instant case and his release on bond. He also is supporting his elderly parents and almost 2 year old daughter (Harley Faye Davis). The daughter is from the union of Mr. Davis and a co-defendant, Leslie Apger. Other than the failure to appear in 2001, and theft under $500.00 in 2004, Mr. Davis has been free from further criminal activity until this instant case.

It should be noted that Mr. Davis had had negative drug tests and has complied with the rules while on pre-trial release.

Mr. Davis has been in the community since his arrest and has conducted himself as an appropriate law-abiding citizen.

### VARIANCE UNDER 18 USC SECTION 3553(f)

Mr. Davis requests the following variance pursuant to this Motion as this same departure that has been given in the Presentence Report in Paragraph 54 pursuant to USSG Section 5C1.2, which has lowered the Defendant's sentence from a mandatory minimum of five (5) years, to a guideline range of 37 to 46 months.

This request and motion is done as a precaution to insure that the Defendant receives the benefit of both provisions.

### VARIANCE UNDER 18 USC SECTION 3553(a)

The guideline range of 37 to 46 months is reasonable and sufficient, but not greater than necessary to support purposes of the charges plead to. Mr. Davis would aver that his criminal history and work record, and excellent record while out on pre-trial release, would suggest that the bottom send of this guideline range, that is 37 months, would be appropriate.

The Defendant would further request that the Court look below the 37 months for this Defendant as any incarceration as to this Defendant would have a deterrent affect on him.

### REQUEST FOR PROBATION – 18 USC SECTIONS 3553(a) (3) and 18 USC 3559(a)

The Defendant would request that the Court consider probation for this defendant under 18 USC Section 3553(a) (3) and 18 USC Section 3559(a).

The Defendant avers that based upon his personal history and criminal history, he would be an appropriate person for probation under 18 USC Section 3559. The Defendant would concede that outright probation may not be probable because of the

classification of the offense, but a <u>split sentence</u> of as little as one (1) day to thirty (30) days would meet requirements of 18 USC Sections 3559-3566.

## DOWNWARD DEPARTURE FROM GUIDELINES

The Defendant acknowledges the "Safety Valve" departure of USSG Section 5C1.2, as provided in the Presentence Report, Paragraph 54, which states that the Defendant's guideline range is 37 to 46 months. That is below the mandatory minimum of five (5) years.

## ADDITIONAL DEPARTURE UNDER SECTION 3B1.2

The Defendant believes that he deserves at least additional two (2) point reduction on his offense level, based on the fact that he falls within the mitigating role of Section 3B1.2 as a minimal or minor participant.

The Defendant was only a "smurf" as he only supplied pseudoephedrine to David Dempsey and did not receive any monetary benefit of any consequence.

The Defendant believes that this Court can take judicial notice of the promulgated amendments to Sentencing Guidelines by the U.S. Sentencing Commission on April 6, 2011, which, if unchanged, will take effect November 12, 2011. In particular, the Commission has amended the Application Notes to Section 3B1.2 (mitigating role) by deleting two (2) sentences that have discouraged courts from applying this adjustment. The Commission has proposed striking from Application Note 3(C) the following: "the court in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted."

And from Application Note 4, deleting "It is intended that the downward adjustment for minimal participant will be used infrequently."

## DEPARTURE FROM GUIDELINES SECTION 5K2.0 AND/OR 5K2.20

The Defendant requests that the Court consider departure of the guideline sentence of 37-46 months to below 37 months to at least 12 months to 24 months, and that probation be considered under Section 5B1.1-3.

The Defendant's actions and activities were conduct that were atypical and outside his normal behavior and outside the "heartland" of the conduct reflected in the guidelines if not for his use and desire to befriend his new girlfriend, Leslie Apger.

WHEREFORE, the Defendant requests a variance or departure below 37 months and probation after a split sentence.

Respectfully Submitted,

s/ Stephen M. Goldstein (BPR # 001835)
Attorney for Defendant
312 Vine Street
Chattanooga, TN 37403
(423) 756-0167

## CERTIFICATE OF SERVICE

Counsel hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ Stephen M. Goldstein (BPR #001835)
Attorney for Defendant
312 Vine Street
Chattanooga, TN 37403
(423) 756-0167
(423) 267-3768 (Fax)